IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVENTIST GLENOAKS HOSPITAL<br>701 Winthrop Ave.<br>Glendale Heights, IL  60139<br><br>ADVENTIST HINSDALE HOSPITAL<br>120 N. Oak St.<br>Hinsdale, IL  60521<br><br>ADVENTIST HEALTH SYSTEM/SUNBELT, INC.<br>  (d/b/a ADVENTIST LA GRANGE MEMORIAL<br>  HOSPITAL)<br>5101 S. Willow Springs Rd.<br>La Grange, IL  60525<br><br>ADVOCATE HEALTH AND HOSPITALS CORP.<br>2025 Windsor Dr.<br>Oak Brook, IL  60523<br><br>    d/b/a ADVOCATE TRINITY HOSPITAL<br>    2320 E. Ninety-Third St.<br>    Chicago, IL  61617<br><br>    d/b/a ADVOCATE BETHANY HOSPITAL<br>    3435 W. Van Buren<br>    Chicago, IL  60624<br><br>    d/b/a ADVOCATE CHRIST HOSPITAL AND<br>      MEDICAL CENTER<br>    4440 W. Ninety-Fifth St.<br>    Oak Lawn, IL  60453<br><br>    d/b/a ADVOCATE SOUTH SUBURBAN<br>      HOSPITAL<br>    17800 S. Kedzie Ave.<br>    Hazel Crest, IL  60429<br><br>    d/b/a ADVOCATE LUTHERAN GENERAL<br>      HOSPITAL<br>    1775 Dempster St.<br>    Park Ridge, IL  60068 | Cause No. _____<br><br><br>**COMPLAINT FOR<br>AWARD OF SUMS<br>DUE UNDER THE<br>MEDICARE ACT** |

```
        d/b/a ADVOCATE GOOD SAMARITAN        )
            HOSPITAL                          )
        3815 Highland Ave.                    )
        Downers Grove, IL 60515               )
                                              )
        d/b/a ADVOCATE GOOD SHEPHERD          )
            HOSPITAL                          )
        450 W. Highway 22                     )
        Barrington, IL 60010                  )
                                              )
        Successor in Interest to RAVENSWOOD   )
            HOSPITAL MEDICAL CENTER           )
        4550 N. Winchester                    )
        Chicago, IL 60640                     )
                                              )
ALEXIAN BROTHERS MEDICAL CENTER               )
800 Biesterfield Rd.                          )
Elk Grove Village, IL 60007                   )
                                              )
CATHOLIC HEALTH PARTNERS SERVICES             )
                                              )
        d/b/a COLUMBUS HOSPITAL (closed in 2001) )
        2520 N. Lakeview Ave.                 )
        Chicago, IL 60614                     )
                                              )
        d/b/a ST. ANTHONY HOSPITAL            )
        2875 W. Nineteenth St.                )
        Chicago, IL 60623                     )
                                              )
CENTRAL DuPAGE HEALTH                         )
25 N. Winfield Rd.                            )
Winfield, IL 60190                            )
                                              )
CONDELL MEDICAL CENTER                        )
801 S. Milwaukee Ave.                         )
Libertyville, IL 60048                        )
                                              )
DELNOR-COMMUNITY HOSPITAL                     )
300 Randall Rd.                               )
Geneva, IL 60134                              )
                                              )
EDGEWATER MEDICAL CENTER (debtor in           )
    Chapter 11 bankruptcy)                    )
c/o Eugene R. Crane, Custodian                )
135 S. LaSalle St., #3705                     )
Chicago, IL 60603                             )
```

ELMHURST MEMORIAL HOSPITAL                      )
200 Berteau Ave.                                )
Elmhurst, IL  60126                             )
                                                )
EVANSTON NORTHWESTERN HEALTHCARE                )
    CORPORATION                                 )
2650 Ridge Ave.                                 )
Evanston, IL  60201                             )
                                                )
GOTTLIEB MEMORIAL HOSPITAL                      )
701 W. North Ave.                               )
Melrose Park, IL  60160                         )
                                                )
HIGHLAND PARK HOSPITAL                          )
718 Glenview Ave.                               )
Highland Park, IL  60035                        )
                                                )
HOLY CROSS HOSPITAL                             )
2701 W. Sixty-Eighth St.                        )
Chicago, IL  60629                              )
                                                )
HOLY FAMILY MEDICAL CENTER                      )
100 N. River Rd.                                )
Des Plaines, IL  60016                          )
                                                )
ILLINOIS MASONIC MEDICAL CENTER                 )
836 W. Wellington Ave.                          )
Chicago, IL  60657                              )
                                                )
JACKSON PARK HOSPITAL FOUNDATION (d/b/a         )
    JACKSON PARK HOSPITAL AND MEDICAL           )
    CENTER)                                     )
7531 Stony Island Ave.                          )
Chicago, IL  60649                              )
                                                )
JOHN H. STROGER, JR., HOSPITAL OF COOK          )
    COUNTY                                      )
1901 W. Harrison St.                            )
Chicago, IL  60612                              )
                                                )
KATHERINE SHAW BETHEA HOSPITAL                  )
403 E. 1st St.                                  )
Dixon, IL  61021                                )
                                                )
LAKE FOREST HOSPITAL                            )
660 N. Westmoreland Rd.                         )
Lake Forest, IL  60045                          )

3

LITTLE COMPANY OF MARY HOSPITAL AND        )
   HEALTH CARE CENTERS        )
2800 W. Ninety-Fifth Street        )
Evergreen Park, IL  60805        )
            )
LORETTO HOSPITAL        )
645 S. Central Ave.        )
Chicago, IL  60644        )
            )
LOYOLA UNIVERSITY MEDICAL CENTER        )
2160 S. First St.        )
Maywood, IL  60153        )
            )
MEMORIAL MEDICAL CENTER - WOODSTOCK        )
3701 Doty Rd.        )
Woodstock, IL  60098        )
            )
MIDWESTERN REGIONAL MEDICAL CENTER,        )
   INC. (d/b/a MIDWESTERN REG MED CTR)        )
2520 Elisha Ave.        )
Zion, IL  60099        )
            )
MORRIS HOSPITAL        )
150 W. High St.        )
Morris, IL  60450        )
            )
MOUNT SINAI HOSPITAL MEDICAL CENTER OF        )
   CHICAGO        )
California Ave. at Fifteenth St.        )
Chicago, IL  60608        )
            )
NORTHERN ILLINOIS MEDICAL CENTER        )
4201 Medical Center Dr.        )
McHenry, IL  60050        )
            )
NORTHWEST COMMUNITY HOSPITAL        )
800 W. Central Rd.        )
Arlington Heights, IL  60005        )
            )
NORTHWESTERN MEMORIAL HOSPITAL        )
251 E. Huron St.        )
Chicago, IL  60611        )
            )
NORWEGIAN AMERICAN HOSPITAL, INC.        )
1044 N. Francisco Ave.        )
Chicago, IL  60622        )

4

OUR LADY OF THE RESURRECTION MEDICAL )
  CENTER )
5645 W. Addison St. )
Chicago, IL  60634 )
  )
PALOS COMMUNITY HOSPITAL )
12251 S. Eightieth Ave. )
Palos Heights, IL  60463 )
  )
PROVENA HOSPITALS )
  )
     d/b/a PROVENA SAINT JOSEPH MEDICAL )
       CENTER )
     333 N. Madison St. )
     Joliet, IL  60435 )
  )
     d/b/a PROVENA MERCY MEDICAL CENTER )
     1325 N. Highland Ave. )
     Aurora, IL  60506 )
  )
     d/b/a PROVENA SAINT JOSEPH HOSPITAL )
     77 N. Airlite St. )
     Elgin, IL  60123 )
  )
PROVIDENT HOSPITAL OF COOK COUNTY )
500 E. Fifty-First St. )
Chicago, IL  60615 )
  )
RESURRECTION MEDICAL CENTER )
7435 W. Talcott Ave. )
Chicago, IL  60631 )
  )
ROSELAND COMMUNITY HOSPITAL )
45 W. One Hundred Eleventh St. )
Chicago, IL  60628 )
  )
RUSH NORTH SHORE MEDICAL CENTER )
9600 Gross Point Rd. )
Skokie, IL  60076 )
  )
  )
RUSH OAK PARK HOSPITAL, INC. )
520 S. Maple Ave. )
Oak Park, IL  60304 )

RUSH UNIVERSITY MEDICAL CENTER (d/b/a      )
  RUSH-PRESBYTERIAN-ST. LUKE'S MEDICAL      )
  CENTER)      )
1653 W. Congress      )
Chicago, IL  60612      )
     )
RUSH-COPLEY MEDICAL CENTER, INC.      )
2000 Ogden Ave.      )
Aurora, IL  60504      )
     )
SAINT FRANCIS HOSPITAL      )
355 Ridge Ave.      )
Evanston, IL  60202      )
     )
SAINT JOSEPH HEALTH CENTERS AND      )
  HOSPITAL      )
2900 N. Lake Shore Dr.      )
Chicago, IL  60657      )
     )
SAINTS MARY AND ELIZABETH MEDICAL      )
CENTER      )
     )
       f/k/a SAINT MARY OF NAZARETH      )
         HOSPITAL CENTER      )
       2233 W. Division St.      )
       Chicago, IL  60622      )
     )
       f/k/a SAINT ELIZABETH HOSPITAL      )
       1431 N. Claremont Ave.      )
       Chicago, IL  60622      )
     )
SHERMAN HOSPITAL      )
934 Center St.      )
Elgin, IL  60120      )
     )
SISTERS OF ST. FRANCIS HEALTH SERVICES,      )
INC.      )
     )
       d/b/a ST. JAMES HOSPITAL AND HEALTH      )
         CENTERS, CHICAGO HEIGHTS      )
       1423 Chicago Rd.      )
       Chicago Heights, IL  60411      )

```
        d/b/a ST. JAMES HOSPITAL AND HEALTH          )
           CENTERS, OLYMPIA FIELDS (f/k/a             )
           OLYMPIA FIELDS REGIONAL                    )
           OSTEOPATHIC MEDICAL CENTER)                )
        20201 S. Crawford Ave.                        )
        Olympia Fields, IL  60461                     )
                                                      )
        d/b/a ST. MARGARET MERCY                      )
           HEALTHCARE CENTERS                         )
        5454 Hohman Ave.                              )
        Hammond, IN  46320                            )
                                                      )
        d/b/a SISTERS OF ST. FRANCIS HEALTH           )
           SERVICES - SAINT MARGARET MERCY            )
        24 Joliet St.                                 )
        Dyer, IN  46311                               )
                                                      )
        d/b/a SISTERS OF ST. FRANCIS HEALTH           )
           SERVICES - SAINT ANTHONY                   )
        1201 S. Main St.                              )
        Crown Point, IN  46307                        )
                                                      )
SOUTH SHORE HOSPITAL CORPORATION                      )
8012 S. Crandon Ave.                                  )
Chicago, IL  60617                                    )
                                                      )
SSM REGIONAL HEALTH SERVICES (d/b/a SAINT             )
   FRANCIS HOSPITAL AND HEALTH CENTER)                )
12935 S. Gregory St.                                  )
Blue Island, IL  60406                                )
                                                      )
ST. ALEXIUS MEDICAL CENTER                            )
1555 Barrington Rd.                                   )
Hoffman Estates, IL  60194                            )
                                                      )
ST. BERNARD HOSPITAL                                  )
326 W. 64th St.                                       )
Chicago, IL  60621                                    )
                                                      )
ST. CATHERINE HOSPITAL, INC.                          )
4321 Fir St.                                          )
East Chicago, IN  46312                               )
                                                      )
ST. MARY MEDICAL CENTER, INC.                         )
1500 S. Lake Park Ave.                                )
Hobart, IN  46342                                     )
```

SWEDISH COVENANT HOSPITAL                )
5145 N. California Ave.                   )
Chicago, IL  60625                        )
                                          )
THE COMMUNITY HOSPITAL                    )
901 MacArthur Blvd.                       )
Munster, IN  46321                        )
                                          )
THE INGALLS MEMORIAL HOSPITAL             )
One Ingalls Dr.                           )
Harvey, IL  60426                         )
                                          )
THE METHODIST HOSPITALS, INC.             )
                                          )
        d/b/a THE METHODIST HOSPITAL -    )
          NORTHLAKE CAMPUS                )
        600 Grant St.                     )
        Gary, IN  46402                   )
                                          )
        d/b/a THE METHODIST HOSPITAL -    )
          SOUTHLAKE CAMPUS                )
        8701 Broadway                     )
        Merrillville, IN  46410           )
                                          )
THE UNIVERSITY OF CHICAGO HOSPITALS       )
5841 S. Maryland Ave.                     )
Chicago, IL  60637                        )
                                          )
THOREK MEMORIAL HOSPITAL                  )
850 W. Irving Park                        )
Chicago, IL  60613                        )
                                          )
UNIVERSITY OF ILLINOIS HOSPITAL           )
1740 W. Taylor St.                        )
Chicago, IL  60612                        )
                                          )
VHS ACQUISITION SUBSIDIARY NUMBER 3, INC. )
   (d/b/a LOUIS A. WEISS MEMORIAL HOSPITAL) )
4646 N. Marine Dr.                        )
Chicago, IL  60640                        )
                                          )
VHS OF ILLINOIS, INC. (d/b/a MacNEAL      )
   HOSPITAL)                              )
3249 S. Oak Park Ave.                     )
Berwyn, IL  60402                         )

VISTA HEALTH (d/b/a SAINT THERESE MEDICAL    )
   CENTER)    )
2615 Washington St.    )
Waukegan, IL  60085    )
       )
WEST SUBURBAN MEDICAL CENTER    )
3 Erie Ct.    )
Oak Park, IL  60302    )
       )
WESTLAKE COMMUNITY HOSPITAL    )
1225 W. Lake St.    )
Melrose Park, IL  60160    )
       )
       Plaintiffs,    )
       )
    v.    )
       )
Michael Leavitt, Secretary    )
United States Department of    )
   Health and Human Services    )
Room 700-E    )
200 Independence Avenue, S.W.    )
Washington, DC  20201    )
       )
       Defendant.    )

## COMPLAINT FOR AWARD OF SUMS DUE UNDER THE MEDICARE ACT

The Plaintiffs, by counsel, for their Complaint against the Defendant, allege and state:

### INTRODUCTION

1.     Plaintiff hospitals seek judicial relief for inadequate payments made by the Centers for Medicare and Medicaid Services (CMS), as the Administrative Agency for the Medicare program, during Federal Fiscal Year (FFY) 1999 for services furnished to hospital inpatients entitled to Medicare benefits.

2.     For FFY 1999, Medicare paid for inpatient hospital services through its Prospective Payment System (PPS).  Under PPS, the Plaintiff hospitals were paid for inpatient

services based on prospectively determined rates established by categories of diagnosis (called

Diagnosis-Related Groups or DRGs) assigned to each patient. The amount of reimbursement for

each DRG was based on average lengths of stay and average costs for the various established

diagnostic categories. *See generally* 42 U.S.C. § 1395ww(d).

3.      Congress recognized that regional differences in labor and wage related costs

required adjusting DRG payments by geographic area to adequately reimburse hospitals where

labor and wage related costs were above the national average (and to avoid overpaying hospitals

where average labor and wage related costs were below the national average). Accordingly,

Congress mandated that the Secretary of the United States Department of Health and Human

Services (DHHS)[1] adjust DRG payment rates to accommodate for geographic differences in

relative hospital wage levels as compared to the national average hospital wage level. 42 U.S.C.

§ 1395ww(d)(3)(E).

4.      Plaintiffs in this case are hospitals subject to the Chicago, Illinois Metropolitan

Statistical Area (MSA) wage index. Plaintiffs properly appealed to the Provider Reimbursement

Review Board (PRRB or Board) the wage index determination for the Chicago MSA for FFY

1999. Plaintiffs challenge the final determination of the Chicago MSA FFY 1999 wage index as

published by the Secretary in the February 25, 1999 Federal Register. 64 Fed. Reg. 9378.

5.      Plaintiffs allege that because the Defendant used improper data to determine the

Chicago MSA FFY 1999 wage index, the Medicare program underpaid Plaintiff hospitals by

approximately $15 million for health care services furnished to inpatients.

---

[1] The Secretary of DHHS delegates authority to administer the Medicare program which it does primarily through rulemaking and contracts with fiscal intermediaries.

JURISDICTION AND VENUE

6.     This is a civil action arising under Title XVIII of the Social Security Act, 42

U.S.C. § 1395, et seq. (the Medicare Act) and 5 U.S.C. § 701, et seq. (the Administrative

Procedures Act) to obtain judicial review of certain final determinations of the Secretary, and the

Secretary's agent the fiscal intermediary, that resulted in improper payments under the Medicare

Prospective Payment System for care furnished by Plaintiffs to Medicare program covered

inpatients.

7.     This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1395oo(f),

28 U.S.C. § 1331, and 28 U.S.C. § 1361.

8.     Venue lies in this judicial district pursuant to 42 U.S.C. § 1395oo(f)(1).

PARTIES

9.     Plaintiffs are 81 hospitals subject to the Chicago MSA (for Medicare wage index

determination purposes).  Each hospital was qualified as a provider of hospital services under the

federal Medicare Program pursuant to Title XVIII of the Social Security Act, 42 U.S.C. § 1395,

et seq.

10.     Defendant, Michael Leavitt, is the Secretary of the DHHS.  DHHS is the federal

department responsible for the administration of the Medicare Program, which it administers

through the Centers for Medicare & Medicaid Services (CMS).  CMS contracts with a private

entity called a "fiscal intermediary" to administer the program in a particular area.

THE MEDICARE APPEAL PROCESS AND REVIEW BEFORE THE PRRB

11.     Medicare providers dissatisfied with a final determination of the Medicare

program regarding PPS payments for a given cost reporting year may administratively appeal the

determination to the PRRB.  The Board is an administrative body that adjudicates disputes over

payment and reimbursement as part of the administrative review process within the DHHS. 42 U.S.C. § 1395oo.

12.    A PRRB hearing is part of the process by which parties affected by a Medicare final determination may exhaust administrative remedies and seek correction within the processes established by statute and regulation for internal Agency review and correction.

13.    Two or more Medicare providers may file a group appeal when each member of the group would be entitled to a hearing, if the matter in controversy involves common questions of fact or interpretation of law or regulation, and the amount in controversy is at least $50,000. 42 U.S.C. § 1395oo(b).

14.    In 1999, Plaintiffs timely appealed to the PRRB the final determination of the Chicago MSA wage index for FFY 1999.

15.    The estimated amount in controversy exceeds the PRRB's jurisdictional threshold of $50,000 for group appeals.

## PRRB'S DECISION ON JURISDICTION

16.    On December 31, 2002, over three years after the Plaintiff Hospitals filed their appeal with the PRRB, the Fiscal Intermediary filed with the Board a jurisdictional challenge. The Fiscal Intermediary challenged the PRRB's jurisdiction on grounds that Michael Reese Hospital, one of the 82 hospitals in the PRRB Group appeal, allegedly failed to "exhaust administrative remedies."

17.     On December 15, 2005 the PRRB released a decision dismissing Michael Reese Hospital from the administrative review process claiming the Board lacked jurisdiction because Michael Reese Hospital allegedly did not exhaust prior administrative remedies.[2]

18.     The December 15, 2005 PRRB decision also stated that "there is no doubt that the 81 other Providers in the Chicago MSA were adversely affected by the [Michael] Reese Hospital wage data determinations."

19.     In its December 15, 2005 decision the PRRB also held that the PRRB had jurisdiction over the other 81 hospitals (Plaintiffs in this case) because those hospitals "do not have any administrative remedies to exhaust."

20.     The December 15, 2005 decision of the PRRB also determined that it lacked the authority to grant the remedy of corrected PPS payments for hospitals subject to the Chicago MSA wage index to reflect corrected wage index data.

21.     The December 15, 2005 decision of the PRRB further concluded that the Board would proceed with a hearing "to resolve the fact issue of whether the wage data for Michael Reese Hospital used to determine the Chicago Wage Index is correct."

22.     In circumstances where there are no material facts at issue and the Board lacks the legal authority to resolve the dispute the Board may grant "expedited judicial review" (EJR) allowing direct appeal of the common issue into Federal District Court without a hearing before the Board.  42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1842.

23.     On April 12, 2006, the parties to the PRRB group appeal stipulated that the wage data for Michael Reese Hospital used to determine the FFY 1999 Chicago Wage Index was

---

[2] The remaining 81 Plaintiff hospitals do not agree with the PRRB decision dismissing Michael Reese Hospital from the group appeal, but the Hospital chose not to appeal its dismissal in Federal district court.

incorrect and stipulated to the "correct count for the total paid hours, and other wage data." The agreement stipulated to corrected data that was very close to the total paid hours data advanced by Plaintiffs and Michael Reese Hospital in their request for mid-year correction.

24.     On April 12, 2006 the Plaintiffs in this case submitted to the Board a request for Expedited Judicial Review (EJR) on grounds that the only basis for the hearing was now a matter to which the parties had stipulated and that, accordingly, there were no remaining findings of fact for resolution before the Board. The Fiscal Intermediary supported this request for EJR.

25.     On April 27, 2006 the PRRB granted EJR finding that:

a.     it had jurisdiction over the matter for the subject year.

b.     there were no findings of fact remaining for resolution by the Board.

c.     that the Board was without authority to decide the legal question of whether the 81 hospitals remaining in the group can seek to have their wage index adjusted.

26.     The dispute is now properly before this Court for judicial review of the legal issues in dispute.

## MEDICARE PROGRAM AND HOSPITAL WAGE INDEX

27.     The Medicare Act establishes a program of health insurance for the aged and disabled. 42 U.S.C. § 1395, et seq. This Medicare Program includes a Part A and a Part B. Generally, Part A covers inpatient hospital and certain other institutional services, and Part B covers physician and certain outpatient services.

28.     Part A services are furnished to Medicare beneficiaries by providers of healthcare services who have entered into written agreements with the Secretary to furnish hospital services to Medicare beneficiaries. Plaintiffs were qualified as providers of Medicare services for the

14

period under dispute, having entered into such written agreements with the Secretary, pursuant to
42 U.S.C. § 1395cc.

29.     Prior to October 1, 1983, most hospitals were reimbursed for inpatient services
provided to Medicare beneficiaries based upon the reasonable cost of such services.  42 U.S.C.
§ 1395f(b).  A hospital's reasonable costs of furnishing Medicare inpatient services for a fiscal
period were determined retrospectively after the close of the fiscal year through auditing by the
Medicare fiscal intermediary of a Hospital's filed "cost report."

30.     Effective October 1, 1983, Congress enacted the Medicare PPS.  Under PPS, the
majority of hospitals' Medicare reimbursement for inpatient services is made at a predetermined
payment amount rate for each Medicare inpatient discharge based on the DRG to which the
discharge is assigned.  42 U.S.C. § 1395ww(d).

31.     Each DRG payment amount is based on the national average of resources
utilized to treat patients under the particular DRG.  42 U.S.C. § 1395ww(b)(4).

32.     Congress recognized that a national system of fixed and equal DRG payments
would not adequately compensate hospitals incurring higher than average wage costs, and would
over compensate hospitals with below average wage costs.  Accordingly,  Congress mandated a
an adjustment to PPS payments based on the relative "wage index" of various geographic
regions.  42 U.S.C. § 1395ww(d)(3)(E).

33.     Congress mandated that the Secretary adjust DRG payments to account for area
differences in hospital wage levels in a manner "reflecting the relative hospital wage level in the
geographic area of the hospital compared to the national average."
42 U.S.C. § 1395ww(d)(3)(E)(i).

34.     The Secretary promulgated rules to implement the statutory requirement by
adopting definitions of geographic regions according to Metropolitan Statistical Areas (MSA) as

15

established by the United States Census Bureau. Also, rural areas in a state outside of any MSA were generally defined as their own rural area for that state. 42 C.F.R. § 412.64(b).

35.    For each MSA, including the Chicago MSA, CMS calculated an average hourly wage by dividing total wage and wage related costs for hospitals assigned to the MSA by the total paid hours. CMS also calculated a national average hourly wage by applying a similar method on a national basis. The hospital wage index for a given geographic area (e.g. an MSA) is the area's average hourly wage divided by the national average hourly wage.

36.    To collect data used to determine the wage index, the Secretary was required to survey hospitals. The Secretary chose to use the existing process of cost reporting which was in place to compensate hospitals based on their allowed costs. Under this mechanism, hospitals are annually required to file a "cost report" with the Medicare program itemizing various program recognized costs incurred by the hospital, to include wage related costs. In addition, CMS has instructed hospitals to report total paid hours in their cost reports.

37.    Because of inherent delays in the cost report filing and review process, the data used to calculate the wage index in any given FFY is from cost reporting years that are generally four years old. For example, at issue in this case is the determination of the wage index for PPS payments made in FFY 1999. The wage cost data from Michael Reese Hospital, which is the basis for the substantive dispute in this case, was from its fiscal year ended 12/31/95 cost report.

38.    In the processes leading up to Medicare's annual determination of regional wage indexes, the fiscal intermediary reviews the wage index data from each hospital's relevant cost report, considers correction requests to cost data from individual hospitals, and makes adjustments to individual hospital wage related costs and/or total paid hours as it deems appropriate.

16

IMPROPER DETERMINATION OF THE CHICAGO MSA WAGE INDEX

39.     For FFY 1999, the Fiscal Intermediary made improper adjustments for Michael
Reese Hospital that resulted in an inaccurate determination of the average hourly wage for that
hospital, and accordingly, the entire Chicago MSA wage index.

40.     The fiscal intermediary failed to correct obvious errors in the wage index data
from Michael Reese Hospital and on its own volition made an unsupported adjustment which
exacerbated those errors.

41.     Michael Reese Hospital reported total paid hours of 4,935,791 for its fiscal year
end 12/31/95.

42.     The fiscal intermediary unilaterally modified Michael Reese Hospital's as filed
total paid hours and forwarded to CMS a determination of total paid hours for Michael Reese
Hospital of 6,491,307 for the Hospital's fiscal year end 12/31/95.

43.     Upon forwarding of this erroneous wage data recommendation to CMS, CMS
failed to correct the errors.

44.     The Fiscal Intermediary and the Plaintiffs have since stipulated that the correct
count of total paid hours for Michael Reese Hospital should have been 4,350,805.

45.     This erroneous and highly inflated total paid hours amount of 6,491,307 adversely
affected the wage index determination for all hospitals subject to the Chicago MSA wage index,
to include Plaintiff hospitals.

46.     The Chicago MSA wage index was understated for FFY 1999 and accordingly did
not reflect the relative wage level in that geographic area compared to the national average
hospital wage level as required by 42 U.S.C. § 1395ww(d)(3)(E).

47.     On July 31, 1998 the Secretary published in the Federal Register the wage index
based upon the incorrect wage data.  63 Fed. Reg. 40966.

17

48.    In the November 19, 1998 Federal Register, the Secretary acknowledged unusual systemic problems in the wage index determination process for FFY 1999, and based on the totality of circumstances, published criteria for hospitals to qualify for "mid-year" corrections of area wage indexes improperly calculated for specified reasons.  63 Fed. Reg. 64191.

49.    On behalf of Plaintiffs, the Metropolitan Chicago Healthcare Council (MCHC) and Michael Reese Hospital timely requested an appropriate mid-year correction of the wage index for the Chicago MSA.

50.    The request for mid-year correction included supporting documentation indicating that the correct total paid hours should have been 4,374,459 hours.

51.    In the February 25, 1999 Federal Register, the Secretary finalized the wage index for the Chicago MSA for FFY 1999 by publishing the final "approved requests for wage data revisions" that did not include the requested revisions for the Chicago MSA Wage Index.  64 Fed. Reg. 9378.

52.    The Fiscal Intermediary and the Plaintiffs in this case have since stipulated that the correct count of total paid hours for Michael Reese Hospital should have been 4,350,805, very close to the amount submitted by the MCHC on behalf of Plaintiffs and Michael Reese Hospital in the request for mid-year correction.

53.    The Secretary's refusal to make a mid-year correction to the erroneous FFY 1999 Chicago MSA wage index was arbitrary and capricious, and not in accord with the law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    For judgment by this Court that the determination of the FFY 1999 wage index for the Chicago MSA was established improperly based upon erroneous data.

2.      For judgment of the Court that the Secretary's refusal to grant a mid-year correction for clearly erroneous wage data and to properly recalculate the FFY 1999 Chicago wage index as applied to Plaintif hospitals was arbitrary and capricious or not in accord with the law.

3.      For an order of the Court remanding the matter to CMS for recalculation of the FFY 1999 Chicago MSA wage index with appropriate adjustments in payments made to the Plaintiffs to reflect the correct wage data as stipulated by the parties before the PRRB.

4.      For such other relief as this Court deems appropriate.

Respectfully submitted,

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

By:_____

L. Richard Gohman, DC Bar No. 396378
Suite 2000, Box 82064
One American Square
Indianapolis, IN  46282
(317) 633-4884
*Attorneys for the Plaintiffs*

230900_1.DOC