# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ADVENTIST GLENOAKS HOSPITAL, | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 06-1206 (EGS) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of | ) | **ECF** |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services (the "Secretary"), by and through his undersigned counsel, hereby answers Plaintiffs' Complaint for Award of Sums Due Under the Medicare Act ("Complaint") as follows:

### FIRST DEFENSE

Plaintiffs lack standing to bring this action.

### SECOND DEFENSE

The Court lacks subject-matter jurisdiction over this action.

### THIRD DEFENSE

Defendant answers the numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

1. This paragraph contains Plaintiffs' characterization of their action to which no response is required.

2. Admits the first two sentences. The third sentence contains Plaintiffs' characterization of the Medicare statute, which speaks for itself. Defendant denies any such characterization and

respectfully refers the Court to the cited provision of the statute for a full and accurate statement of its contents.

      3.  This paragraph contains Plaintiffs' characterization of the Medicare statute, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a full and accurate statement of its contents.

      4.  Admits the first sentence.  The second sentence contains a conclusion of law to which no response is required.  The third sentence contains Plaintiffs' characterization of their action to which no response is required.

      5-6.  These paragraphs contain Plaintiffs' characterization of their action to which no response is required.

      7-8.  These paragraphs contain conclusions of law to which no response is required.

      9.  Admits.

      10.  Admits the first two sentences.  As to the third sentence, admits that CMS contracts with private entities called "fiscal intermediaries" to administer certain Medicare Part A functions in particular areas, but otherwise denies.

      11.  This paragraph contains Plaintiffs' characterization of the Medicare statute, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a full and accurate statement of its contents.

      12.  This paragraph contains Plaintiffs' characterization of the Medicare statute, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to 42 U.S.C. § 1395oo for a full and accurate statement of the statutory provisions regarding exhaustion of Medicare administrative remedies.

13. This paragraph contains Plaintiffs' characterization of the Medicare statute, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a full and accurate statement of its contents.

14-15. Admits.

16. Admits the first sentence. The second sentence contains Plaintiffs' characterization of the fiscal intermediary's filing before the PRRB, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the fiscal intermediary's filing for a full and accurate statement of its contents. Administrative Record ("A.R.") 813-1101.

17. This paragraph contains Plaintiffs' characterization of the PRRB's December 15, 2005 decision, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the PRRB decision for a full and accurate statement of its contents. A.R. 54-63.

18. Admits only that this paragraph contains an accurate quotation from the PRRB's December 15, 2005 decision and respectfully refers the Court to the PRRB decision for a full and accurate statement of its contents. A.R. 54-63.

19-20. These paragraphs contain Plaintiffs' characterization of the PRRB's December 15, 2005 decision, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the PRRB decision for a full and accurate statement of its contents. A.R. 54-63.

21. Admits only that this paragraph contains an accurate quotation from the PRRB's December 15, 2005 decision and respectfully refers the Court to the decision for a full and accurate statement of its contents. A.R. 54-63.

3

22.   This paragraph contains Plaintiffs' characterizations of the Medicare statute and regulations, which speak for themselves.  Defendant denies any such characterizations and respectfully refers the Court to the cited provisions of the statute and regulations for a full and accurate statement of their contents.

23.   This paragraph contains Plaintiffs' characterization of an April 12, 2006 stipulation between the parties to the PRRB proceedings, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the stipulation for a full and accurate statement of its contents.  A.R. 14-16.

24.   The first sentence contains Plaintiffs' characterization of their April 6, 2006 letter to the PRRB, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the letter for a full and accurate statement of its contents.  A.R. 11-12.  Admits the second sentence.

25.   This paragraph contains Plaintiffs' characterization of the PPRB's April 27, 2006 action, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the PRRB's April 27, 2006 letter for a full and accurate statement of its contents.  A.R. 1-3.

26.   This paragraph contains a conclusion of law to which no response is required.

27.   This paragraph contains Plaintiffs' characterization of the Medicare statute, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a full and accurate statement of its contents.

28.   The first sentence contains Plaintiffs' characterization of the Medicare statute, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to

the cited provision of the statute, 42 U.S.C. § 1395cc, for a full and accurate statement of its contents.  Admits the second sentence.

29.  This paragraph contains Plaintiffs' characterization of the Medicare statute, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a full and accurate statement of its contents.

30.  Admits that Medicare hospital inpatient PPS went into effect on October 1, 1983, but otherwise denies the first sentence.  The second sentence contains Plaintiffs' characterization of the Medicare statute, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the cited provision of the statute for a full and accurate statement of its contents.

31-33.  These paragraphs contain Plaintiffs' characterization of the Medicare statute, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the cited provisions of the statute for a full and accurate statement of their contents.

34-38.  These paragraphs contain Plaintiffs' characterization of the rules governing the process by which the wage indices are determined, to which no response is required.  Defendant denies such characterization and respectfully refers the Court to 42 C.F.R. §§ 412.62, 412.63 (1998); 63 Fed. Reg. 40,954, 40,966-74 (July 31, 1998); 63 Fed. Reg. 64,191 (Nov. 19, 1998); and 64 Fed. Reg. 9,378 (Feb. 25, 1999) for a full and accurate statement of those rules as applicable to the time period at issue in this action.

39-40.  Denies.

41-42.  Admits.

43.  Denies, except to admit that CMS made no further adjustments to the determination

of the fiscal intermediary.

44.  This paragraph contains Plaintiffs' characterization of an April 12, 2006 stipulation between the parties to the PRRB proceedings, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the stipulation for a full and accurate statement of its contents.  A.R. 14-16.

45.  Denies, except to admit that a greater number of hours has the effect of decreasing reimbursement for hospitals located in that wage index area.

46.  Denies.

47.  Denies, except to admit that on July 31, 1998, the Secretary published in the Federal Register the fiscal year 1999 wage indices.

48.  This paragraph contains Plaintiffs' characterization of the Secretary's November 19, 1998 Federal Register publication, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the Federal Register publication for a full and accurate statement of its contents.

49.  Denies, except to admit that the Metropolitan Chicago Healthcare Council and Michael Reese Hospital each timely requested a mid-year correction.

50.  Denies, except to admit that the request filed by Michael Reese Hospital included documentation and alleged the total paid hours should have been 4,374,459.

51.  This paragraph contains Plaintiffs' characterization of the Secretary's February 25, 1999 Federal Register publication, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the Federal Register publication for a full and accurate statement of its contents.

52.  This paragraph contains Plaintiffs' characterization of an April 12, 2006 stipulation between the parties to the PRRB proceedings, which speaks for itself.  Defendant denies any such characterization and respectfully refers the Court to the stipulation for a full and accurate statement of its contents.  A.R. 14-16.

53.  Denies.

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required.  To the extent that a response may be required, Defendant denies that Plaintiffs are entitled to the relief requested or to any other relief from Defendant.  All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

Defendant respectfully requests the Court to enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary files herewith a certified copy of the administrative record.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

/s/
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

7

_____

PAUL E. SOEFFING
Attorney
D.C. Bar No. 459480
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
410-786-1895

OF COUNSEL:

DANIEL MERON
General Counsel

KATHLEEN H. McGUAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services