UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ADVENTIST GLENOAKS HOSPITAL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case Number  1:06-CV-01206 |
| MICHAEL O. LEAVITT, Secretary, United States Department of Health and Human Services, | ) ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' AMENDED STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Plaintiffs, 81 Hospitals in the Metropolitan Statistical Area paid under the Chicago Wage Index By Medicare, submit the following statement of material facts as to which there is no genuine issue in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7(h).

1. Plaintiffs are 81 Medicare-participating hospitals subject to the wage index for the Chicago, Illinois Metropolitan Statistical Area ("Chicago MSA"). Defendant's Statement of Material Facts, ¶ 1.

2. Michael Reese Hospital ("MRH"), a non-party to this lawsuit, is also a Medicare participating hospital located in Chicago, Illinois. Defendant's Statement of Material Facts, ¶ 2.

3. In it's as filed cost report for the relevant year, MRH reported 4,935,791 total paid hours with an attending hourly wage of $16.77. Transcript ("Tr.") Vol. I., pp. 14 – 15, ¶ 5; Tr. Vol. I., p. 138.

4. On August 27, 1997, the Fiscal Intermediary ("FI") sent a letter to MRH requesting that MRH provide documentation related to its total paid hours. Defendant's Statement of Material Facts, ¶ 3; Tr. Vol. I., p. 140.

5. MRH did not respond to the FI's August 27, 1997 letter. Tr. Vol. I., p. 57. Defendant's Statement of Material Facts, ¶ 4.

6. On October 28, 1997 the FI faxed a second request (dated October 27, 1997) to MRH for data related to total paid hours. Tr. Vol. I., p. 153; Defendant's Statement of Material Facts, ¶ 5.

7. MRH did not respond to the FI's request dated October 27, 1997. Tr. Vol. I., p. 57. Defendant's Statement of Material Facts, ¶ 6.

8. The Intermediary sent the October 27, 1997 letter to MRH because the Hospital's wage index information reported a more than 10% decrease in its wage index from the year before. Tr. Vol. I., p. 145.

9. HCFA identified this decrease from the prior year's wage index as a material variance requiring the Intermediary to verify the wage data for accuracy. Tr. Vol. I., p. 57.

10. Upon reviewing information in the as filed MRH cost report that did not represent total paid hours for wage index purposes, the FI raised the total paid hours for MRH to 6,491,307. Tr. Vol. I., p. 15, ¶ 6.

11. The effect of increasing the total paid hours was to decrease the hospital's hourly wage of $16.77 as reported by MRH to $13.81. Tr. Vol. I., p. 210.

12. On November 6, 1997 the FI notified MRH of the adjustments made to its wage data and advised MRH that if it disagreed with any adjustments to respond to the FI with supporting documentation by November 10, 1997. Tr. Vol. I., p. 447.

13. On March 6, 1998 MRH requested certain revisions to its wage data that related to paid hours. Tr. Vol. I., p. 212 – 213.

14. On March 25, 1998 the FI made adjustments that related to MRH's March 6, 1998 requested adjustments. Tr. Vol. I., pp. 58, 219.

15. The letter notifying MRH of the March 25, 1998 adjustments stated that if MRH disagreed with the data as amended to provide supporting documentation by March 31, 1998. Tr. Vol. I., 216.

16. MRH did not timely respond to the FI's March 31, 1998 letter.

17. On July 31, 1998, the Centers for Medicare & Medicaid Services ("CMS") (referred to by its former name "HCFA" in the Plaintiffs' briefs) published the final Federal fiscal year 1999 wage indices that included 6,491,307 total paid hours for MRH in its determination. 63 Fed. Reg. 40,954 et. seq.

18. On November 19, 1998 CMS published notice in the Federal Register of a "Limited Opportunity to Request Certain Hospital Wage Data Revisions for FY 1999." 63 Fed. Reg. 64,191; Tr. Vol. II., 518 – 525.

19. Pursuant to this notice, wage data could be revised for any of three specified reasons, to include instances where a "hospital properly requested a wage data revision by March 9, 1998 . . . but the fiscal intermediary or HCFA made a data entry or tabulation error." Tr. Vol. II., 520.

20. On November 30, 1998 MRH timely filed a request for a mid-year correction. Tr. Vol. II., 527 – 585.

21. MRH requested that the data entry or tabulation error adjusting the total paid hours for the hospital to 6,491,307 be changed to reflect what it claimed was the correct count of 4,374,459 total paid hours. Tr. Vol. I., pp. 238 – 240.

22. On December 1, 1998 the Metropolitan Chicago Healthcare Council (MCHC) wrote CMS on behalf of its 115 member hospitals (including Plaintiff hospitals) requesting that the mid-year adjustment to the Chicago MSA wage index be made and citing a "significant hardship for all Chicago area hospitals" if the adjustment was not made. Tr. Vol. I., pp. 242 – 244.

23. On December 15, 1998, the FI sent a letter to CMS recommending denial of the request for mid-year correction. Tr. Vol. II., p. 597.

24. On February 25, 1999 CMS published the final revised Federal Fiscal Year 1999 wage index that did not incorporate the wage data revisions sought by MRH and MCHC. Tr. vol. I., p. 58; 64 Fed. Reg. 9378, 9385 (1999).

25. During the wage index correction process CMS does not report hospital specific detailed information with underlying documentation or data. Rather CMS provides only summary statistics that only provide for each Provider the "avg hour wage" determination for each hospital. 63 Fed. Reg. 25625 (May 9, 2008).

26. The total wage costs, and total paid hours, and underlying supporting data that would be necessary for Plaintiff hospitals in this case to possibly discern that MRH's wage data was in error was not reported by the Defendant in the Federal Register. 63 Fed. Reg. 25625 (May 8, 2008).

27.     On August 23, 1999 the Plaintiff hospitals, and MRH, timely filed a request for hearing with the Provider Reimbursement Review Board (PRRB) challenging Defendant's determination of the FFY 1999 wage index for the Chicago MSA. Tr. Vol. IV., pp. 1333 – 1337.

28.     On December 31, 2002, the FI filed a jurisdictional challenge with the PRRB. Tr. Vol. III., pp. 813 – 1101.

29.     On December 15, 2005 the PRRB issued a decision dismissing MRH from the appeal for lack of jurisdiction due to MRH's failure to exhaust administrative remedies. Tr. Vol. I., pp. 54 – 63.

30.     The PRRB found that it did have "jurisdiction of the claims of the 81 Providers in the Chicago MSA other than Michael Reese." Tr. Vol. I., p. 62.

31.     There is no authority for a hospital to challenge another hospital's wage data in the data correction administrative correction process. Tr. Vol. I., p. 61.

32.     On April 12, 2006 the current Plaintiffs and the FI stipulated to facts at issue in the pending appeal. Tr. Vol. I., pp. 14 – 16.

33.     The stipulations included that MRH "initially filed a cost report reporting 'total paid hours' of 4,935,791 on Line 1, Column 4 of Schedule S-3." Tr. Vol. I., pp. 14 – 15, ¶ 5.

34.     The stipulations included that the FI "adjusted the total paid hours to the previously described Line 1, Column 4 of Schedule S-3, to 6,491,307." Tr. Vol. I., p. 15, ¶ 6.

35.     The stipulations included that "the parties now agree that the correct count for the total paid hours for Line 1 of Schedule S-3 is 4,350,805. Tr. Vol. I., p. 15, ¶ 9.

36. The stipulations included that "the parties agree that Expedited Judicial Review of this case is appropriate." Tr. Vol. I., p. 15, ¶ 10.

37. Citing the stipulation that both parties agreed Expedited Judicial Review was appropriate, the Providers on April 12, 2006 requested that the PRRB grant Expedited Judicial Review ("ERJ"). Tr. Vol., pp. 11 – 12.

38. The PRRB granted the request for EJR on April 27, 2006. Tr. Vol. I., pp. 1 – 10.

Respectfully submitted,

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

s/ N. Kent Smith
N. Kent Smith, Attorney No. 1777-49
Keith D. Barber, Attorney No. 19052-49
Suite 2000, Box 82064, One American Square
Indianapolis, IN  46282
(317) 633-4884
*Attorneys for the Plaintiffs*


LAW OFFICE OF BRAD KELLY, P.C.


s/ Bradley L. Kelly
Bradley Kelly, D.C. Bar No. 292623
7700 Old Georgetown Road
Bethesda, MD  20814
(301) 656-7707
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2008, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's system.

Christopher Blake Harwood
Charlotte A. Able
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
christopher.harwood@usdoj.gov; charlotte.abel@usdoj.gov

Mark Polston
Paul Edwin Soeffing
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, MD 21244-1850
Mark.Polston@hhs.gov; paul.soeffing@hhs.gov

                                                  s/ Brad Kelly

Law Office of Brad Kelly, P.C.
7700 Old Georgetown Road
Bethesda, MD 20814
(301) 656-7707
*Attorney for Plaintiffs*
719138v1